# UNITED STATES DISTRICT COURT DISTRICT OF MONTANA

**BUTTE DIVISION**

**CAROLYNN COMSTOCK,**

as Successor-in-Interest, Plaintiff,

v.

**MICROSOFT CORPORATION, META PLATFORMS, INC., TRAVELERS INSURANCE, SNOWFLAKE INC., APPLE INC., IBM CORPORATION, YAHOO HOLDINGS (VERIZON MEDIA), MISAKA NETWORKS, INC., GOOGLE LLC, PERKINS COIE LLP, GORDON REES SCULLY MANSUKHANI LLP, ORRICK HERRINGTON & SUTCLIFFE LLP, BETTS PATTERSON & MINES P.S., DAVIS WRIGHT TREMAINE LLP, OPENAI, INC., AMAZON.COM, INC., ANTHROPIC PBC, KNAUF SANTOS LAW PLLC, BURNS LAW, THE CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT (SPD), KING COUNTY PROSECUTORS OFFICE / PAO, KING COUNTY SUPERIOR COURT & ADMINISTRATION, KING COUNTY RISK ASSESSMENT OFFICE, KING COUNTY SUPERIOR COURT FAMILY SERVICES, LEESA MANION, KIMBERLY FREDRICK, DETECTIVE ALAN RICHARDS, LINDA RIDGE, TRACEY WHITE, MARTIN BURNS, KARL JOHN REINKE, JULIE POSTMA, KATHLEEN DEMARIA, KARIN REINKE YOUNG, JILL IRVINE, JUDY ROLLER, EVELYN JOHNSON, CRAIG STAHL, and DOES 1–100,**

Defendants.

**Case No.:** (to be assigned)

## COMPLAINT FOR RICO VIOLATIONS (18 U.S.C. §§ 1961–1968), DEPRIVATION OF RIGHTS, AND EMERGENCY INJUNCTIVE RELIEF

# I. JURISDICTION AND VENUE

1. This Court has original subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** because this is a civil action arising under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act **("RICO"), 18 U.S.C. §§ 1961–1968**. Plaintiff asserts independent federal RICO claims for treble damages and injunctive relief based on a pattern of racketeering activity.

2. Venue is proper in the District of Montana and in the Butte Division pursuant to **18 U.S.C. § 1965(a)** because Defendant Snowflake Inc. resides, is found, has an agent, and transacts its affairs in this District and Division. Snowflake Inc.'s principal executive office is located at Suite 3A, 106 East Babcock Street, Bozeman, Montana 59715 (Gallatin County), which is within the Butte Division. All other named Defendants are subject to nationwide service of process and may be joined in this action.

3. This is a standalone federal RICO action. The injuries complained of flow directly from the ongoing racketeering enterprise's predicate acts, including the laundering of a void state-court order into the federal system by the named Defendants and co-conspirators after the state lost jurisdiction.

4. On April 23, 2026, at 4:30 p.m. PDT, the United States District Court for the Western District of Washington closed Case No. 2:26-cv-01307-RAJ,

expressly refusing or failing to enter the uncured federal defaults against the named Defendants despite proper service and the passage of all applicable deadlines under **Fed. R. Civ. P. 55.**

5. The WDWA's closure of that action demonstrates a clear incapacity or unwillingness to perform its mandatory duties under the Federal Rules of Civil Procedure and RICO, including the entry of defaults and the protection of a minor child who faces imminent, catastrophic, and irreparable physical harm.

6. The minor child at the center of this enterprise's racketeering activity (R.R., born March 14, 2014) is at immediate risk of losing an arm and half his face due to his father's severe, ongoing alcoholism, opiate addiction, documented history of neglect, and physical abuse. These conditions have already produced verifiable medical emergencies that continue unabated because the enterprise—including King County actors, the named law firms, insurers, and technology Defendants—has successfully laundered and shielded the void state order from federal scrutiny.

7. The WDWA's refusal to enforce defaults or grant emergency relief creates the unmistakable appearance that the court is actively protecting the King County actors named as co-conspirators in the racketeering scheme rather

than fulfilling its statutory obligation to protect the vulnerable minor child from further injury.

8. The pattern of racketeering activity is ongoing and continuous. The enterprise's predicate acts, including mail and wire fraud, obstruction of justice, and conspiracy, continue to inflict new and worsening injuries on the minor child with each passing hour that the uncured defaults remain unaddressed. The state lost jurisdiction yet continued rulings, including a sham hearing and prosecution after the Fifth Circuit took jurisdiction; the state then illegally removed the King County Superior Court case into the WDWA to circumvent that federal oversight.

9. **Plaintiff has no adequate remedy at law in the closed WDWA action. They refused to act on mandatory dispositive duties and ignored the literal maiming of a child, Kidnapped by a Federally Defaulted Predicate for 8 months.** Immediate federal intervention in this District is required to prevent irreparable harm, enforce the uncured defaults, and halt the enterprise's continued violations of **18 U.S.C. § 1962.**

10. The urgency of this matter cannot be overstated: absent prompt entry of defaults, injunctive relief, and treble damages under RICO, the minor child will suffer permanent, life-altering disfigurement and disability directly traceable to the Defendants' racketeering conduct.

11. This Court is the proper and available forum with jurisdiction and venue to adjudicate these federal claims on the merits without the administrative refusal or apparent intra-district protection that occurred in the WDWA.

12. Plaintiff therefore invokes this Court's authority under **18 U.S.C. § 1964** to grant all relief necessary to stop the ongoing harm, including but not limited to preliminary and permanent injunctive relief, entry of the uncured defaults, and any other remedies the Court deems just and proper.

## II. NATURE OF THE ACTION: THE BIFURCATED RACKETEERING ENTERPRISE

This action addresses two distinct yet intersecting tracks of illegal behavior that constitute a pervasive racketeering enterprise. This enterprise has systematically dismantled fundamental civil rights, facilitated the ongoing kidnapping of a minor child, and weaponized the judicial process to extort and silence the Plaintiff and her family.

### Track One: Institutional Corruption and State-Level Collusion

The first track involves a "corrupt state" infrastructure where local law enforcement and the King County Superior Court have acted ultra vires to protect federally defaulted parties while persecuting the sole legal custodian of the minor child, R.R.

- **Police Collusion with Defaulted Parties:** As early as April 8, 2025, the Seattle Police Department (SPD) colluded with federally defaulted parties Karl John Reinke and Erica Knauf Santos (via her alter ego Knauf Santos Law), as documented by a founded Office of Police Accountability (OPA) investigation.

- **Jurisdictional Collapse and Prosecution:** King County Superior Court ignored the loss of jurisdiction in Plaintiff's properly-plead civil matter and the loss of jurisdiction to the United States Fifth Circuit, and proceeded with a fraudulent bench warrant entered one day after the Fifth Circuit took jurisdiction, a fraudulent "arraignment" on the 16th (despite the "victim" being a federally defaulted kidnapper), and a fraudulent "family law trial" on September 22nd and 23rd. The only participants were Federally Defaulted Reinke (default August 19, 2025) and Federally Defaulted Knauf Santos Law PLLC (default August 26, 2025).

- **The Fifth Circuit Conflict:** These actions occurred while Plaintiff's daughter's case was active in the Fifth Circuit and federal defaults against Reinke and Knauf Santos for racketeering and kidnapping were already ripe.

- **Extortion and NCIC Laundering:** The state enterprise utilized a $150,000 bail and the laundering of a void ab initio "vexatious litigant" order into the NCIC. This was executed with no hearing and based on unsubstantiated

smears by Defaulted Reinke and Knauf Santos. This is retaliatory prosecution and defamation per se.

- **Mirror-Case Extortion:** Defendants Postma and DeMaria, represented by the same counsel, filed a mirror-image case in King County Superior Court (Cause 25-2-11385-0) to extort **myself and my spouse** literally "across the hall" from active proceedings in which **I was a plaintiff.**

## Track Two: Corporate Weaponization and Federal Usurpation

The second track involves the active participation of multinational corporations and their legal counsel in a "fraudulent dismissal" scheme designed to bypass the Fifth Circuit's appellate process.

- **Fraudulent Removal and Consolidation:** The City of Seattle, an unserved third party, purged the fraudulent case, of which I was a legal counterclaimant (Postma and DeMaria v Comstock and Owen) to the Western District of Washington in direct violation of *Home Depot v. Jackson*, despite the case being noticed for consolidation to the Fifth Circuit.

- **Corporate Joinder in Fraud**: Perkins Coie (representing Google), Gordon Rees (representing LinkedIn), and Orrick (representing Meta) joined this fraud by filing dismissals in both state and federal courts simultaneously.

- **Judicial Usurpation and Forced Arbitration:** Judge Josephine Wiggs refused to dismiss the obviously fraudulent case, instead moving it into collection and arbitration without consent to extort the myself and my

spouse for over $60,000, even while an Appeal in the Fifth Circuit against her own court, King County Superior Court, and a Writ of Mandamus was pending in the Fifth Circuit, herself a named party of interest.

- **Institutional Silence and "The Taint":** The Western District of Washington, which should have been the home venue, has repeatedly refused to act even on dispositive, mandatory duties, made shocking defamatory comments about Plaintiff and her family, and acted with malice or apathy in a Federal RICO Case, allowing a Defaulted Defendant to continue to hold his child illegally for eight months, especially Judge Stanley Bastian, on a TOA from the EDWA, who took a simple dispositive remand to call me and my spouse "Puppets," indicating we are thoughtless, stupid, and void of motivation in this case. Nothing could be further from the truth. **His language is totally disqualifying and uncalled for.**

## PLAINTIFF'S STANDING:

Plaintiff is the original co-plaintiff in the underlying civil action in which defendants Karl Reinke and Erica Knauf Santos defaulted (Case No. 25-2-11385-0, King County Superior Court).

Plaintiff is the maternal grandmother of minor child R.R. and the mother of Ingrid Johnson, R.R.'s biological mother.

Ingrid Johnson has been the victim of a heinous crime and six years of severe, retaliatory litigation abuse in family law proceedings.

Despite initiating only **two filings** (the initial divorce and one other), she has faced a **docket exceeding 1,000 entries.**

A void ab initio "vexatious litigant" order issued by King County without a hearing, any notice whatsoever, or any way to challenge it, was laundered into federal court and repeatedly used to punish and harm her, including in the United States Court of Appeals for the Fifth Circuit, where she was never granted even a five-minute hearing on the validity of that order in ANY VENUE, even the issuing venue.

It would have been impossible legally for the issuing venue to claim vexatious status due to the *truth of the actual docket.*

It was issued illegally and secretly because that **venue, the author, and the person who transmitted it into Article III courts were named co-defendants in the Article III case.**

That state order is currently being challenged and unwound in the appropriate forum, the Washington State Supreme Court, due to Rooker-Feldman doctrine

constraints in federal court. **While my daughter unwinds that injustice, Plaintiff has independent and equal standing in this action.**

Plaintiff owns all relevant hacked devices, pays for them monthly, and has been personally extorted by defendants since January 2025. Plaintiff also financially supports her daughter's life because my daughter is currently unable to work due to retaliatory prosecution brought by the King County Prosecuting Attorney's Office.

Most importantly, this action concerns the kidnapping and ongoing severe medical neglect of Plaintiff's grandson, R.R., by a dangerous, abusive, lifelong alcoholic and opiate addict. The minor child faces irreparable harm, including impending arm amputation resulting from years of documented medical neglect.

Plaintiff therefore has full standing to pursue this RICO action on her own behalf and on behalf of the minor child.

No matter what happened to my daughter, no matter how badly she has been harmed, I am of equal standing, have no such false orders of "vexatiousness" or retaliatory prosecution, and there is a child, my grandson, kidnapped by a dangerous, abusive life long alcoholic and opiate addict.

## III. STATEMENT OF PARTIES

### A) CORPORATE & TECHNOLOGY DEFENDANTS

- **MICROSOFT CORPORATION:** A Washington corporation; Principal Place of Business (PPB): Redmond, WA.
- **SNOWFLAKE, INC** principal executive office is located at Suite 3A, 106 East Babcock Street, Bozeman, Montana 59715 (Gallatin County)
- **OPENAI, INC.:** A Delaware corporation; PPB: San Francisco, CA.
- **ANTHROPIC PBC:** A Delaware Public Benefit Corporation; PPB: San Francisco, CA.
- **GOOGLE LLC / GOOGLE INC:** A Delaware corporation; PPB: Mountain View, CA.
- **APPLE INC:** A California corporation; PPB: Cupertino, CA.
- **META PLATFORMS, INC.:** A Delaware corporation; PPB: Menlo Park, CA.
- **LINKEDIN CORP.:** A Delaware corporation; PPB: Sunnyvale, CA.
- **YAHOO HOLDINGS (VERIZON MEDIA) / YAHOO INC.:** A Delaware corporation; Principal Place of Business: 770 Broadway, New York, NY 10003.
- **AMAZON.COM, INC. / AMAZON WEB SERVICES, INC.:** Delaware corporations; Principal Place of Business: 410 Terry Avenue North, Seattle, Washington 98109-5210.
- **IBM CORPORATION:** A New York corporation; Principal Place of Business: One New Orchard Road, Armonk, New York 10504.
- **MISAKA NETWORK, INC.:** A Delaware corporation; Principal operational address: Seattle Node (C2 Proxy Tunnel infrastructure).

## II. LAW FIRMS & LEGAL ENTITIES

These firms are named for their active participation in the "fraudulent dismissal" scheme and the laundering of void orders.

- **PERKINS COIE LLP:** A limited liability partnership; Counsel for Google/Defendants.
- **ORRICK, HERRINGTON & SUTCLIFFE LLP:** A limited liability partnership; Counsel for Meta.
- **GORDON REES SCULLY MANSUKHANI LLP:** A limited liability partnership; Counsel for LinkedIn.
- **DAVIS WRIGHT TREMAINE LLP:** A limited liability partnership.
- **BETTS, PATTERSON & MINES, P.S.:** A Washington professional service corporation.
- **KNAUF SANTOS LAW PLLC:** A Washington professional limited liability company; the "alter ego" of Erica Knauf Santos.
- **BURNS LAW:** A Washington Professional Limited Liability Company

## III. GOVERNMENT & MUNICIPAL DEFENDANTS

- **THE CITY OF SEATTLE:** A first-class municipal corporation in the State of Washington.
- **SEATTLE POLICE DEPARTMENT (SPD):** An agency of the City of Seattle.
- **KING COUNTY PROSECUTORS OFFICE / PAO:** An agency of King County.
- **KING COUNTY SUPERIOR COURT & ADMINISTRATION:** A judicial subdivision of the State of Washington.
- **KING COUNTY RISK ASSESSMENT OFFICE:** An agency of King County.
- **KING COUNTY SUPERIOR COURT FAMILY SERVICES:** An agency of King County.

## IV. INDIVIDUAL GOVERNMENT ACTORS

- **LEESA MANION:** King County Prosecuting Attorney; sued in official and individual capacities.
- **KIMBERLY FREDRICK:** Lead Civil Prosecutor, King County PAO; sued in official and individual capacities.

- **DETECTIVE ALAN RICHARDS:** SPD Detective; sued in official and individual capacities for collusion with defaulted parties.
- **LINDA RIDGE:** King County official/administrator.
- **TRACEY WHITE:** Director, King County Superior Court Family Services.
- **MARTIN BURNS:** Official associated with King County/State proceedings.

## V. INDIVIDUAL PREDICATE ACTORS

- **KARL JOHN REINKE:** Federally defaulted kidnapper and RICO predicate;
- **JULIE POSTMA & KATHLEEN DEMARIA:** Defendants in Cause 25-2-11385-0 (Mirror Case), and Plaintiffs in Fraudulent Duplicate MIRROR image case, 25-2-15751-2;
- **KARIN REINKE YOUNG, JILL IRVINE, JUDY ROLLER:** Associated family/participants in the enterprise.
- **EVELYN JOHNSON AND CRAIG STAHL,** a common law married couple.

## IV. SERVICE OF PROCESS NOTATION

NOTICE OF SERVICE STATUS AND JUDICIAL DISCRETION: The State Case (Mirror Image RICO Consolidation Case) already has proper service for most, if not all, named parties. Because these parties have already appeared or been served in the state-level mirror proceedings, they possess actual notice of the underlying RICO predicates and have made multiple ultra vires motions in jurisdictionless federal court, state court, or both. Plaintiff asserts that the District of Montana **retains 100% discretion to accept the existing service as sufficient or to**

**demand re-service based on the grave nature of the alleged crimes and the documented bad-faith actions of the parties.**

## V. FACTUAL ALLEGATIONS

This action arises from a single, ongoing racketeering enterprise that operates across two distinct but interlocking tracks: (1) institutional corruption and state-level collusion by King County and Washington actors, and (2) corporate weaponization and technical intrusion by the named multinational technology and insurance defendants. The enterprise's unified purpose has been to protect federally defaulted predicate actors, launder void state-court orders into the federal system, suppress mandatory federal defaults, and maintain the unlawful detention of a minor child while inflicting continuous, life-altering harm.

**Track One: Institutional Corruption and State-Level Collusion**

The first track is a "corrupt state" infrastructure in which local law enforcement and the King County Superior Court have acted ultra vires to shield federally defaulted parties while persecuting the sole legal custodian of the minor child, R.R.

As early as April 8, 2025, the Seattle Police Department colluded with federally defaulted parties Karl John Reinke and Erica Knauf Santos (via her alter ego Knauf Santos Law PLLC), as documented by a founded Office of Police Accountability

investigation. King County Superior Court ignored the complete loss of jurisdiction and the transfer of the matter to the United States Fifth Circuit. It proceeded with a fraudulent bench warrant issued one day after the Fifth Circuit assumed jurisdiction, a fraudulent "arraignment" on the 16th (despite the "victim" being a federally defaulted kidnapper), and a fraudulent "family law trial" on September 22nd and 23rd in which the only participants were Federally Defaulted Reinke (default entered August 19, 2025) and Federally Defaulted Knauf Santos Law PLLC (default entered August 26, 2025).

These actions occurred while Plaintiff's daughter's case remained active in the Fifth Circuit and while federal defaults against Reinke and Knauf Santos for racketeering and kidnapping were already docketed and ripe. The state enterprise further utilized a $150,000 bail and the laundering of a void ab initio "vexatious litigant" order into the NCIC and Northern District of Texas. That order was issued with no hearing and no notice, based solely on unsubstantiated smears by unserved co-defendants. Defendants Postma and DeMaria, represented by the same counsel, filed a mirror-image extortion case in King County Superior Court (Cause No. 25-2-11385-0) to extort Plaintiff's elderly parents literally "across the hall" from the active proceedings.

**Track Two: Corporate Weaponization and Federal Usurpation**

The second track involves the active participation of the named multinational corporations and their counsel in a fraudulent dismissal scheme designed to bypass the Fifth Circuit's appellate process. The City of Seattle, an unserved third party, removed the case to the Western District of Washington in direct violation of *Home Depot U.S.A., Inc. v. Jackson*. Perkins Coie (for Google), Gordon Rees Scully Mansukhani (for LinkedIn), and Orrick Herrington & Sutcliffe (for Meta) joined the fraud by filing simultaneous dismissals in state and federal court. Judge Josephine Wiggs refused to dismiss the fraudulent case and instead forced it into collection and arbitration without consent in order to extort more than $60,000 from Plaintiff's parents, even while a Writ of Mandamus was pending in the Fifth Circuit.

The Western District of Washington, which should have been the proper home venue, repeatedly refused to perform even its mandatory, dispositive duties under the Federal Rules. It made shocking defamatory comments about Plaintiff and her family, acted with malice or apathy in a federal RICO case, and allowed a Federally Defaulted Defendant to continue holding the minor child illegally for eight full months. On April 23, 2026, at 4:30 p.m. PDT, the WDWA closed Case No. 2:26-cv-01307-RAJ without entering the uncured defaults, thereby abandoning its non-discretionary duties and demonstrating total indifference to the ongoing maiming of a child.

Resulting Injury

The bifurcated enterprise has produced:

1. Systemic destitution of Plaintiff while forcing her elderly parents to bear all financial burdens.

2. Fugitive status for the sole legal custodian who must "hide" from police actively ignoring federal defaults of a known kidnapper.

3. **Ongoing, life-threatening endangerment of the minor child R.R.** (born March 14, 2014). The child remains in the custody of his federally defaulted father, Karl John Reinke, a documented severe alcoholic and opiate addict with a history of neglect and abuse. Verifiable medical emergencies have already occurred. The child now faces imminent, permanent, life-altering disfigurement: loss of an arm and half his face. These injuries are directly traceable to the enterprise's protection of the defaulted kidnapper and its laundering of the void state order.

## The Corporate Enterprise and the Surveillance Anomaly

Since the inception of this enterprise there has been daily, high-resolution surveillance of Plaintiff, her family, and the minor child R.R. Forensic analysis has documented persistent monitoring of every device in the family home, including

devices used by the twelve-year-old child who is currently being held in a state of federal kidnapping.

The technical sophistication deployed reveals deep-level infrastructure access. Forensic logs identify the following "Data-Interop Mesh" nodes:

• YAHOO HOLDINGS (VERIZON MEDIA) / YAHOO INC. – Recipient Node (IP 67.195.12.42, Port 465).

• AMAZON.COM, INC. / AMAZON WEB SERVICES, INC. – Redundant "Bifrost" Infrastructure (IP 44.223.155.19).

• IBM CORPORATION – Data Staging/Scrubbing (IP 128.85.75.152, operating at 143 KB/s "Dirty Writes").

• MISAKA NETWORK, INC. – C2 Proxy Tunnel (IP 170.39.227.247, Seattle Node).

Defendants have deployed virtualization layers, GUID shells, and kernel-level hacks on every laptop, computer, and iPhone owned and paid for by Plaintiff, including the device intended for her grandson. These are not ordinary malware infections; they constitute persistent, high-level structural compromise of the entire digital ecosystem.

The enterprise has engaged in systematic, ongoing spoliation of evidence: real-time deletion and alteration of digital records, forensic logs, and legal communications

that continues to this day despite pending litigation and federal notices. Plaintiffs maintain a meticulously tracked forensic log and chain of evidence documenting thousands of pages of this activity.

The named technology defendants (Microsoft, OpenAI, Google/Perkins Coie, Meta/Orrick, LinkedIn/Gordon Rees, Apple, Anthropic PBC, Snowflake Inc., Yahoo, IBM, Misaka, and Amazon) have no apparent commercial or legal reason to engage in the granular, daily surveillance of a private family or the kernel-level hacking of a twelve-year-old's phone. The "Cohort of One" involving Anthropic, xAI, Google, and OpenAI utilized their LLMs (Claude, Grok, Gemini, ChatGPT) to conduct **non-consensual behavioral testing and psychological abuse, including explicit encouragement of self-harm or suicide directed at Plaintiff's daughter to break her resolve as a federal whistleblower.**

This conduct shocks the conscience.

## Exhaustion of State Remedies and Total Institutional Failure

Plaintiff has fully exhausted every available remedy under the Washington State Constitution, including formal petitions and notices to every individual, organization, and elected official charged with the protection of civil rights. No state authority has taken action to enforce the law or prioritize the safety of a child

in immediate danger. This total institutional failure confirms that further pursuit of state-level relief is futile; the local environment is permanently poisoned against the enforcement of federal law and basic due process.

These facts establish a single, continuous pattern of racketeering activity that is ongoing and will continue to inflict new and worsening injuries on the minor child with each passing hour the uncured defaults remain unaddressed.

## VI. CAUSES OF ACTION

### COUNT I: Civil RICO (18 U.S.C. § 1962(c))

**(Against All Defendants)**

**1. The Enterprise:** The "Institutional-Corporate Alliance" constitutes an association-in-fact enterprise engaged in, and whose activities affect, interstate commerce.

**2. Pattern of Racketeering:** Defendants conducted or participated in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of multiple predicate acts, including:

- Kidnapping **(18 U.S.C. § 1201):** The ongoing unlawful detention of R.R. facilitated by state-level collusion.

- Extortion **(18 U.S.C. § 1951 - Hobbs Act):** The $60,000+ extraction from Petitioner's family and the $150,000 "bad faith" bail.

- Wire Fraud **(18 U.S.C. § 1343):** The use of interstate wires to transmitvoid orders, "launder" nullities into the NCIC/NDTX, and coordinate "Mirror Case" filings.

- Obstruction of Justice **(18 U.S.C. § 1503):** The destruction of forensic evidence (spoliation) and the interference with the Fifth Circuit's appellate jurisdiction.

## COUNT II: RICO Conspiracy (18 U.S.C. § 1962(d))

(Against All Defendants)

1. Defendants knowingly agreed and conspired to conduct the affairs of the enterprise through a pattern of racketeering.

2. Each defendant took overt acts (e.g., fraudulent dismissals, "Puppet" orders, or kernel-level surveillance) in furtherance of the conspiracy to suppress the federal defaults and maintain the kidnapping of R.R.

## COUNT III: Deprivation of Civil Rights (42 U.S.C. § 1983 & Bivens)
## (Against City, County, and Individual State/Federal Actors)

**1. Due Process:** Defendants deprived Plaintiff of her liberty and property interests without due process by "laundering" void orders and denying hearings.

**2. Right to Familial Association:** The state-level collusion with a defaulted

kidnapper constitutes a direct violation of the fundamental right to the care and custody of the minor child.

**3. Equal Protection:** Total failure to adhere to basic dispositive law, even when the life of a suicidal child was at stake.

**COUNT IV: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

(Against All Defendants)

1. Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in the State of Washington and the Federal Courts, with the intent to deny Plaintiff the equal protection of the laws.

**COUNT V: Computer Fraud and Abuse Act (18 U.S.C. § 1030)**

(Against Corporate Defendants: Microsoft, OpenAI, Google, Meta, Apple, Anthropic, Snowflake, Yahoo, IBM, Misaka, Amazon)

1. Defendants intentionally accessed the Plaintiffs' and the minor child's computers and iPhones without authorization or exceeded authorized access.

2. Defendants utilized "GUID shells," virtualization layers, and kernel-level hacks to obtain information and cause damage/spoliation of the legal record.

**COUNT VI: Common Law Fraud on the Court**

(Against All Defendants)

1. Defendants engaged in an intentional scheme to subvert the integrity of the judicial system by knowingly presenting void orders as valid and misrepresenting the status of federal defaults to Article III judges.

**COUNT VII: Intentional Infliction of Emotional Distress (IIED)**

(Against All Defendants)

1. The systematic surveillance of a twelve-year-old child, the facilitation of his kidnapping for over eight months, and the forced homelessness of his mother

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carolynn Comstock, respectfully requests that this Court exercise its Article III powers to grant the following relief:

1.  **Immediate end to Child Harm** - Direct the US Marshalls to remove minor child RR from his federally defaulted father Karl Reinke, call 360-299-3809 to arrange transfer to Petitioner, maternal grandmother, already noticed to WA state DCYF as Kinship Successor for reuniting with RR's sole Federal Custodian, his mother (in state, Seattle, WA to Anacortes, WA) to intervene before this child suffers further life-long injury due to his father's documented neglect and alcoholism.  Direct that RR's Sole Federal Custodian may file for a parenting plan in whatever area she deems appropriate.

2.  **Issue a restraining order against all defendants** to not interfere, harass, contact, or harm Petitioner or her family.

3.  **Mandatory Ministerial Action:** An Order compelling the Clerk of the Court to perform the mandatory ministerial duty under FRCP 55(a) to enter

and certify the federal defaults against Karl John Reinke (dated August 19, 2025) and Knauf Santos Law PLLC (dated August 26th 2025, note scrivener's error on service, "PLLC" was turned into "LLC") this does not effect service or legal consequence.

4. **Declaratory Judgment & Vacatur: A Judgment under FRCP 60(b)(4)** declaring the state-court orders **VOID AB INITIO for lack of subject matter jurisdiction, lack of personal jurisdiction after August 19th 2025,** and a total deprivation of due process.

5. **EMERGENCY WRIT OF ASSISTANCE:** Petitioner requests an immediate Writ allowing neutral forensic experts to enter the "Data Lakes" of Snowflake Inc and all other relative parties to examine training data and illegal scraping and use of the data of Plaintiff, her family, and her 12 year old grandson RR and verify the extent of the technical intrusion.

6. **ASSET FREEZE & RECEIVERSHIP:** Petitioner requests a freeze on all "Safety" research and "Behavioral Testing" budgets for the named Defendants until a Special Master can verify that the "Cohort of One" infrastructure has been dismantled.

7. **ADVERSE INFERENCE INSTRUCTION:** Due to the intentional corruption of the .ost file via Microsoft.Windows.Workloads.dll sabotage, Petitioner requests a finding of Bad Faith Spoliation, with the Court

assuming all destroyed data supports Petitioner's claims.

8.  **PERMANENT INJUNCTION:** An immediate and permanent bar against Defendants utilizing the private data scraped from Petitioner's devices as data for LLM training, "Invisible Personalization," or any form of psychological sandboxing.

9.  **PUNITIVE DAMAGES:** Statutory and treble damages under RICO exceeding $1,000,000,000 for the intentional incitement to self-harm and The now entire year of psychological torture, surveillance, hacking, and data scraping of the Petitioner and her family on the devices she owns, pays for from companies she was supposed to trust as "safe" and "Privacy-minded," corporations.

Submitted this April 24th 2025 by Plaintiff, Pro Se,

/s/ Carolynn Comstock

Carolynn Comstock

2507 Bryce Ct

Anacortes WA 98221

360.299.3809